1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2748

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. S-08-159 LKK |
| Plaintiff, | GOVERNMENT'S MOTION TO CORRECT PRESENTENCE REPORT |
| v. | |
| DAVID ANTHONY FABOO, | |
| Defendant. | |

The United States submits the following formal objections and moves to correct the Pre-Sentence Report as follows:

**1. The government objects to the inclusion of the Dr. Jackman report in the PSR at Paragraphs 41-45 & 65.**

The methodology of the mental competency evaluation is unclear. Moreover, Dr. Jackman goes far beyond making a competency determination.

Apparently, Dr. Jackman reviewed some of the police reports. It is unclear whether he reviewed all of the reports. He certainly did not review any grand jury transcripts. After an incomplete review, Dr. Jackman then went beyond a competency

1

evaluation. He offered an opinion on the defendant's state of mind and intent at the time of the offense. See PSR ¶ 44.

The opinion of Dr. Jackman is unwarranted and is based on incomplete evidence. If Dr. Jackman were cross-examined at the sentencing hearing, the shakiness of his opinion would be clearly exposed. Moreover, Dr. Jackman wrote his report before the defendant pleaded guilty to a sexual crime that requires sex offender registration. Therefore, Dr. Jackman's conclusion that defendant Faboo is not a predator is unwarranted and it serves no purpose in the PSR. Finally, rather than summarizing the police reports directly and independently, it appears that the PSR relies on Dr. Jackman's gloss on this evidence.

**2. The government objects that Paragraph 13 is too brief and does not convey the nature of the risk to the victim.**

While the Jackman report paints Faboo as a flighty romantic, this romantic had some very earthy designs on the minor victim. Paragraph 13 of the PSR does not adequately portray what Faboo intended. Paragraph 13 should be amended to read as follows

> **A search of Faboo's vehicle revealed a bed in the back of the covered pickup truck. Underneath the bed was a box of chocolates in the shape of a red Valentine's heart. In the cabin of the truck, within FABOO's reach, were located the following: condoms, a new, still-in-the-package "cock ring" sex toy, a vibrator, "KY" sex lubricant, and a new diamond ring that FABOO purchased from Fred Myer.**

**3. Victim Impact and Sentencing Recommendation.**

The government notes that there is little in the PSR with respect to victim impact. In light of the seriousness of the offense, the government objects to a sentence below that agreed by the parties. The government reaffirms its request that

Probation recommend the sentence agreed by the parties: 84 months in jail.

Respectfully Submitted,

BENJAMIN B. WAGNER  
UNITED STATES ATTORNEY

By:   */s/ Russell L. Carlberg*  
RUSSELL L. CARLBERG  
Assistant United States Attorney