1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  TIMOTHY ZINDEL, Bar #158377
   Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, California 95814
4  Telephone: (916) 498-5700

5  Attorney for Defendant
   DAVID ANTHONY FABOO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID ANTHONY FABOO, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 2:08-CR-159 LKK <br><br> **RESPONSE TO GOVERNMENT'S MOTION TO CORRECT PRESENTENCE REPORT** <br><br> Date: January 4, 2010 <br> Time: 9:15 a.m. <br> Judge: Hon. Lawrence K. Karlton |

The Court should deny the government's Motion to Correct the presentence report concerning Mr. Faboo.

The government objects that the report describes a psychiatrist's opinion that Mr. Faboo "is not a sexual predator," but cites no law providing that a relevant psychiatric opinion about a criminal defendant may be excluded from a presentence report. This kind of information is routinely included in presentence reports, sometimes at the behest of government, often to the defendant's detriment. The law requires that it be included. Under Federal Rule of Criminal Procedure 32, subdivision

1  (d)(2), "[t]he presentence report must . . . contain . . . (A) the
2  defendant's history and characteristics," specifically including "(iii)
3  any circumstances affecting the defendant's behavior that may be helpful
4  in imposing sentence or in correctional treatment."  Accordingly, the
5  report is *required* to include the information and the probation officer
6  would have failed in her duties, had she chosen to leave it out.  Under
7  18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the
> background, character, and conduct of a person convicted of an
> offense which a court of the United States may receive and
> consider for the purpose of imposing an appropriate sentence.

Striking the information from the report would run afoul of this provision as well as Rule 32.

The government questions Dr. Jackman's "methodology," which it believes to be "unclear," and complains that he "certainly did not review any grand jury transcripts."  In his report, Dr. Jackman states that he reviewed 240 pages of discovery, police interviews of Mr. Faboo and the victim, photographs, a summary of the voluminous chat between Mr. Faboo and the victim, contents of other chats, MySpace sites, another psychological evaluation, medical records, and testing. His list appears to be "clear" rather than "unclear."  Truth be told, he did not review grand jury transcripts.  Mr. Faboo did not have them to share with him because only the government gets to have them.

The government complains that "Dr. Jackman . . . went beyond a competency evaluation."  Dr. Jackman was not asked to evaluate competency. He writes (under the heading, "Source of referral and referral issue") that he was asked to "read the materials on the case and evaluate Mr. Faboo to determine whether or not he is a sexual predator or otherwise dangerous person."

Response to Motion                    −2−

The government complains that "Dr. Jackman wrote his report before the defendant pleaded guilty . . . ." This argument might mean something if the discovery the good doctor read was intended to paint Mr. Faboo as an innocent victim. However, the discovery was intended to paint a case for guilt, as it usually does.

Dr. Jackman's opinion that Mr. Faboo is not dangerous is borne out by the facts of the case: chat in which Mr. Faboo and the victim express their love for one another; chat in which he asks her to wait until she turns 18, or suggests she become emancipated. On February 8, 2008, he wrote the girl (then 16), "you would have to be 18, emansupped," and five days later he wrote, "You ask your dad to help you become Emansupated, if [he] love and really want you too be happy . . . he'd help. Just set down alone with [him] and ask for his help . . . see what he say's, if not, my coming anyway." These comments responded to inquiries from the victim, such as one also dated February 8, 2008: "sooo . . . do you think that if we do meet . . . and I live with you . . . we would get married???"

Mr. Faboo is today a 40-year-old man with no history of violence or predation of any kind. When he drove the victim to Oregon, he knew that she left behind a letter stating she had run off with him by her choice. He watched while she texted another boy back home whom she hoped would come get her. When her cell phone battery ran low, he bought her a charger so she could continue to communicate with her family and friends.

In short, not a sex predator. Not even close.

Mr. Faboo stands by his agreement to recommend a seven year prison sentence and 15-year term of supervised release. The government has agreed to dismiss the indictment, which contains charges having a 10-year mandatory minimum prison term. Seven years is three years less than 10 years.

Mr. Faboo welcomes the 15-year supervision term not because he believes it is needed to protect the public, but because it is needed to afford him the resources of the federal probation office to help guide him when he returns to society, where he will once again fill his odd but harmless niche.

Mr. Faboo respectfully asks the Court to adopt the sentence to which the parties have stipulated, but to deny the government's motion to correct an otherwise accurate PSR.

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

Dated: December 28, 2010 /s/ T. Zindel
TIMOTHY ZINDEL
Assistant Federal Defender
Attorney for DAVID A. FABOO