IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
BEFORE THE HONORABLE LAWRENCE K. KARLTON, JUDGE

---o0o---

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                                        CASE NO. 2:08-CR-159 LKK

DAVID ANTHONY FABOO,

    Defendant.
_____/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS
RE:  ARRAIGNMENT AND ENTRY OF PLEA
TUESDAY, OCTOBER 19TH, 2010, 9:15 A.M.

---o0o---

APPEARANCES:

| | |
|---|---|
| For the Government: | OFFICE OF THE UNITED STATES ATTORNEY<br>501 I Street, Suite 10-100<br>Sacramento, California  95814<br>BY:  RUSSELL CARLBERB, AUSA |
| For the Defendant: | OFFICE OF THE FEDERAL DEFENDER<br>801 I Streeet, 3rd Floor<br>Sacramento, California  95814<br>BY:  TIMOTHY ZINDEL, Asst. Fed. Def. |

*Reported by:  CATHERINE E.F. BODENE, CSR #6926, RPR*
               *Official Court Reporter USDC, 916-446-6360*
               *501 I Street, Room 4-200*
               *Sacramento, California  95814*

*TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION*

```
 1   SACRAMENTO, CALIFORNIA, TUESDAY, OCTOBER 19TH, 2010, 9:15 A.M.
 2                              ---o0o---
 3              THE CLERK:  Calling Criminal Case S-08-159, United
 4   States v. David Faboo.
 5              MR. CARLBERG:  Good morning, Your Honor.  Russell
 6   Carlberg for the United States.
 7         (Brief pause.)
 8              MR. ZINDEL:  Good morning, Your Honor.  Tim Zindel
 9   from the Federal Defender's Office on behalf of Mr. Faboo who
10   is present.
11              MR. CARLBERG:  I made my appearance already, Your
12   Honor.
13              I do have a signed information that I could hand up
14   and a signed plea agreement.  Would you like them both at this
15   time?
16              THE COURT:  Please.
17              MR. CARLBERG:  Thank you, Your Honor.
18         (Documents passed to the court.)
19              THE COURT:  I've been handed up a disposition.
20              Mr. Carlberg, will you set forth your understanding of
21   the major provisions thereof.
22              MR. CARLBERG:  Yes, Your Honor.
23              The defendant has agreed to waive indictment and
24   proceed by information on a charge of one count of Title 18
25   United States Code 2422(a), enticing interstate travel with
```

1  intent to engage in an illegal sexual act.
2         In exchange, at the time of judgment and sentence, the
3  government will move to dismiss the indictment charging the
4  other counts.
5         This is an 11(c)(1)(C) plea agreement, and it is a
6  specific sentence recommendation of 84 months in custody
7  followed by 15 years of supervised release.
8         There are certain guideline stipulations the parties
9  have agreed to.  This is a guideline sentence.  The parties
10 have also agreed to argue for no departures -- no departures or
11 variances will be argued.
12        There is a waiver of appeal and collateral attack
13 provision.  And the government reserves the right not to
14 dismiss the indictment should the sentence be below 84 months.
15        Those are the essential terms, Your Honor.
16        THE COURT:  Is that your understanding, Mr. Zindel?
17        MR. ZINDEL:  Yes, it is, Your Honor.
18        THE COURT:  Mr. Faboo, do you understand what the
19 Assistant United States Attorney has just told the court?
20        THE DEFENDANT:  Yes.
21        THE COURT:  And is it your desire to enter a plea of
22 guilty in accordance with this arrangement?
23        THE DEFENDANT:  Yes, it is.
24        THE COURT:  Before I can permit --
25        Mr. Zindel, will you allow your client to come --

1      thank you.
2            (Defendant moves to the microphone.)
3            Before I can permit you to plead guilty, sir, I must
4      explain to you that when you plead guilty, you give up certain
5      constitutional rights.  I must explain those rights to you,
6      make sure you understand them, and understand them voluntarily
7      give them up.
8            I am now about to explain those rights to you.  If in
9      the course of these proceedings I say something that you don't
10     understand, I don't want you to guess.  I want you to tell me
11     you don't understand, and I will try to make it clear to you.
12           All right?
13           THE DEFENDANT:  All right.
14           THE COURT:  First of all, sir, is David Anthony Faboo
15     your true name?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Mr. Zindel, do you acknowledge timely
18     receipt of the information, that you have gone over it with
19     your client, that he knows the contents, and on that basis do
20     you waive a full reading thereof?
21           MR. ZINDEL:  Yes, I do, Your Honor.
22           THE COURT:  Now, Mr. Faboo, in this information you
23     are charged with a felony.  Ordinarily you cannot be charged
24     with a felony unless you are indicted by a grand jury.  A grand
25     jury is composed of at least 16 people and not more than 23,

1   and at least 12 of those folks must agree that there is
2   reasonable and probable cause to believe that a crime has been
3   committed and that you committed the crime.
4              If you waive indictment, the matter will proceed
5   against you on the United States Attorney's information just as
6   if you had been indicted.
7              Do you understand?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Is it your desire under these
10  circumstances to waive requiring the government to proceed by
11  indictment?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  Madam Clerk, the waiver -- signed waiver
14  is ordered filed at the end of these proceedings.
15             Now, first of all, sir, you have a right to a jury
16  trial.
17             Do you know what a jury trial is?
18             THE DEFENDANT:  Twelve people of my peers?
19             THE COURT:  They come in and they don't have a
20  commitment to either the government or yourself.  They listen
21  to the testimony, and all 12 of them must agree unanimously
22  that the government has proven its case against you beyond a
23  reasonable doubt.
24             Do you understand?
25             THE DEFENDANT:  Yes.

1   THE COURT:  When you plead guilty, there will be no
2 jury trial.  And for that reason you must give up your right to
3 a jury trial.
4   Do you do so?
5   THE DEFENDANT:  I do so.
6   THE COURT:  Counsel, join?
7   MR. ZINDEL:  Yes, Your Honor.
8   MR. CARLBERG:  Yes, Your Honor.
9   THE COURT:  Government?
10   MR. CARLBERG:  Yes.  The government joins, Your
11 Honor.
12   I know the court would like me to be the defendant...
13   THE COURT:  No.  It's just the way the morning has
14 been.
15   Thank goodness my trial is over.
16   THE DEFENDANT:  Not feeling well?
17   THE COURT:  Sir?
18   THE DEFENDANT:  I said, you're not feeling well?
19   THE COURT:  Just feeling dumb.
20   The waiver of a jury trial is accepted and entered
21 upon the records of the court.
22   You have what is called the presumption of innocence,
23 which means as you stand here now, I must believe that you are
24 not guilty.  And I must inform any other trier of fact, such as
25 a jury, that they must believe that you are not guilty.  And

1  you carry that presumption throughout the proceedings, unless
2  and until the government proves its case against you beyond a
3  reasonable doubt.
4           Do you understand?
5           THE DEFENDANT:  Yes.
6           THE COURT:  When you plead guilty, you're telling me
7  you are guilty, so I don't have to believe you are innocent any
8  more.  For that reason you must give up your presumption of
9  innocence.
10          Do you do so?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  You have what is called the right to
13 remain silent, which means that you can't be forced to give
14 testimony against yourself.
15          When you plead guilty, you are giving testimony
16 against yourself, and for that reason you must give up your
17 right to remain silent.
18          Do you understand?
19          THE DEFENDANT:  Yes.
20          THE COURT:  And do you do so?
21          THE DEFENDANT:  Yes.
22          THE COURT:  You have what is called the right of
23 confrontation, which means the right to see and hear the
24 witnesses against you, and through Mr. Zindel to question those
25 witnesses.

1        When you plead guilty, there will be no trial so there
2   will be no confrontation.  For that reason you must give up
3   your right of confrontation.
4        Do you do so?
5        THE DEFENDANT:  Yes, sir.
6        THE COURT:  You have the right to a public trial, a
7   right to a speedy trial, a right to use the court processes,
8   which means the power of the court to get witnesses and
9   evidence here on your own behalf.
10       When you plead guilty, you must give up each of those
11  rights.
12       Do you do so?
13       THE DEFENDANT:  Yes, sir.
14       THE COURT:  I'm obligated to inform you that whether
15  you plead guilty or not, you have the right to the services of
16  an attorney throughout the proceedings.
17       Do you understand?
18       THE DEFENDANT:  Yes, sir.
19       THE COURT:  Now, in addition, sir, you are giving up
20  the right of collateral attack and appeal.  And what that means
21  is that if I sentence in accordance with the agreement that you
22  have made with the government, no court, higher, lower, at the
23  same level, no court will have the authority to examine these
24  proceedings to determine whether they are legal or proper or
25  whether there is a factual basis for the plea.

1      Do you understand?

2      THE DEFENDANT: Yes, sir.

3      THE COURT: Now, the maximum penalty, the worst that
4 can be done to you as to Count One of the information is 20
5 years in a federal institution, a fine of $250,000, a mandatory
6 period of supervised release for a minimum of five years up to
7 life, and a special assessment of $100.

8      Do you understand?

9      THE DEFENDANT: I understand.

10      THE COURT: Now, the way this will work is I will
11 refer this matter out to the Probation Department. In due
12 course they will give me a report which will discuss the
13 circumstances of this crime and their evaluation of the
14 guidelines, which are voluminous, and which I may or may not
15 follow.

16      Thereafter, I will hear from the government,
17 Mr. Zindel and yourself, and only then will I make a judgment
18 as to what the guidelines ought to be.

19      They may be higher, lower, at the same level, but as
20 you have heard, if they are below the guidelines, the
21 government may seek to withdraw the plea and proceed to trial.
22 If it is above the guidelines, you may seek the same thing and
23 proceed to trial.

24      Do you understand?

25      THE DEFENDANT: Yes.

```
 1              THE COURT:  Are you on parole or probation from any
 2   court or any institution of any kind?
 3              THE DEFENDANT:  No.
 4              THE COURT:  Are you an American citizen?
 5              THE DEFENDANT:  As far as I know.  I wish I was
 6   Jewish.
 7              THE COURT:  I'm sorry, sir?
 8              THE DEFENDANT:  I wish I was Jewish so I can be
 9   deported, but...
10              THE COURT:  As far as you know, Mr. Zindel, he's an
11   American citizen?
12              MR. ZINDEL:  Yes.  Born in the United States.
13              THE COURT:  Do you understand that the matter will be
14   set before me for judgment and sentence but, if I'm not
15   available, you may be sentenced by any United States District
16   Court judge?
17              Do you understand?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Have you had sufficient time to discuss
20   this matter with Mr. Zindel?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Have you discussed with him your rights,
23   any possible defenses you may have, and the possible
24   consequences of the plea of guilty?
25              THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Mr. Zindel, have you had sufficient time
 2    to discuss the matter with your client?
 3              MR. ZINDEL:  Yes.
 4              THE COURT:  Have you discussed each of those matters
 5    with him?
 6              MR. ZINDEL:  I have.
 7              THE COURT:  Are you satisfied he understands them?
 8              MR. ZINDEL:  Yes.
 9              THE COURT:  And you personally consent to his change
10    of plea?
11              MR. ZINDEL:  Yes.
12              THE COURT:  Now, Mr. Faboo, I'm going to have you
13    sworn and you ask some questions.  If you were not to tell the
14    truth after being sworn, you would be subjecting yourself to a
15    possible additional prosecution for perjury or false
16    statements.
17              Do you understand?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Madam Clerk.
20              THE CLERK:  Please, raise your right hand.
21         (Whereupon, the oath was administered.)
22              THE COURT:  What is your age, sir?
23              THE DEFENDANT:  I am 40.
24              MR. ZINDEL:  I think you are now.
25              THE DEFENDANT:  I am 40, I think.
```

```
1              THE COURT:  I'm sorry.  I didn't hear you, sir.
2              THE DEFENDANT:  I am 40.
3              THE COURT:  Have any threats been made against you or
4    any member of your family or anybody dear to you in order to
5    get you to plead guilty?
6              THE DEFENDANT:  No.
7              THE COURT:  Have you been subjected to any force in
8    order to get you to plead guilty?
9              THE DEFENDANT:  No.
10             THE COURT:  Did you read the plea agreement before you
11   signed it?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Were any promises made to you to get you
14   to plead guilty that were not included in the written plea
15   agreement?
16             THE DEFENDANT:  Not that I know of.
17             THE COURT:  Are you now or have you been in the last
18   24 hours under the influence of alcohol, drugs or any
19   mind-altering substance?
20             THE DEFENDANT:  No.
21             THE COURT:  Mr. Carlberg, will you set forth the
22   elements of the offense.
23             MR. CARLBERG:  Yes, Your Honor.  If the government
24   proceeded to trial it would have to prove beyond a reasonable
25   doubt that:
```

1           First, the defendant knowingly persuaded and enticed
2   an individual to travel in interstate commerce or attempted to
3   do so;
4           Secondly, with the intent to engage in an illegal
5   sexual act, meaning any sexual active for which a person can be
6   charged with a crime.
7           THE COURT:  You understand that's what the government
8   would have to prove if you went to trial?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Now, attached to the plea agreement was
11  Exhibit A which set forth what the government says it could
12  prove against you.
13          Did you read that?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Is it essentially true?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Mr. Zindel, has the court overlooked
18  anything concerning Rule 11?
19          MR. ZINDEL:  No, Your Honor.
20          THE COURT:  Mr. Carlberg?
21          MR. CARLBERG:  No, Your Honor.
22          THE COURT:  The court is satisfied and finds the
23  defendant understands, freely and voluntarily waives his
24  constitutional rights, has understood the nature of the charges
25  against him and the consequences of his plea.  The court

1 further finds there is a factual basis for the entry of a plea,
2 and the defendant's plea this morning will be free and
3 voluntary.
4     David Anthony Faboo, to the one count set forth in the
5 superseding information in Criminal Number 08-159, what is your
6 plea, guilty or not guilty?
7     THE DEFENDANT: Guilty. I do believe it is guilty.
8     THE COURT: The defendant's plea of guilty will be
9 received and entered upon the records of the court. The matter
10 is referred to the probation department for its report and
11 recommendation. A hearing upon that report and the matter of
12 judgment and sentence is continued to?
13     THE CLERK: January 4th at 9:15.
14     THE COURT: Is that convenient to both counsel?
15     MR. CARLBERG: Yes, Your Honor.
16     MR. ZINDEL: Yes, Your Honor.
17     THE COURT: That will be the order.
18     The government's motion to dismiss the indictment is
19 taken under submission to be disposed of at the time of
20 judgment and sentence.
21     The defendant is remanded to the custody of the
22 marshal.
23     MR. CARLBERG: Your Honor, might I note for the
24 court's recordkeeping purposes that this case is set for trial
25 November 16th. The court can order that vacated and the TCH as

1  well.

2      THE COURT:  Thank you very much.  They are vacated.

3      MR. CARLBERG:  Thank you, Your Honor.

4      THE COURT:  Defendant is remanded to the custody of

5  the marshal.

6    (Off the record at 10:15 a.m.)

7                          ---o0o---

8

9

10

11                    REPORTER'S CERTIFICATE

12                          ---o0o---

13

   STATE OF CALIFORNIA   )
14 COUNTY OF SACRAMENTO  )

15

16      I certify that the foregoing is a correct transcript
   from the record of proceedings in the above-entitled matter.
17
        IN WITNESS WHEREOF, I subscribe this certificate at
18 Sacramento, California.

19

20    /S/_Catherine E.F. Bodene_____
          CATHERINE E.F. BODENE, CSR NO. 6926
21        Official United States District Court Reporter

22

23

24

25