```
 1                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF CALIFORNIA
 2           BEFORE THE HONORABLE LAWRENCE K. KARLTON, JUDGE

 3                              ---oOo---

 4

     UNITED STATES OF AMERICA,
 5
             Plaintiff,
 6
     Vs.                                   CASE NO. 2:08-CR-159 LKK
 7
     DAVID ANTHONY FABOO,
 8
             Defendant.
 9   _____/

10

11                              ---oOo---

12               REPORTER'S TRANSCRIPT OF PROCEEDINGS
                    RE:  JUDGMENT AND SENTENCING
13              TUESDAY, JANUARY 4TH, 2011, 9:15 A.M.

14                              ---oOo---

15   APPEARANCES:

16   For the Government:        OFFICE OF THE UNITED STATES ATTORNEY
                                501 I Street, Suite 10-100
17                              Sacramento, California  95814
                                BY:  RUSSELL CARLBERB, AUSA
18

19   For the Defendant:         OFFICE OF THE FEDERAL DEFENDER
                                801 I Streeet, 3rd Floor
20                              Sacramento, California  95814
                                BY:  TIMOTHY ZINDEL, Asst. Fed. Def.
21

22
     Reported by:  CATHERINE E.F. BODENE, CSR #6926, RPR
23              Official Court Reporter USDC, 916-446-6360
                501 I Street, Room 4-200
24              Sacramento, California  95814

25   TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

```
 1        SACRAMENTO, CALIFORNIA, TUESDAY, JANUARY 4TH, 2011, 9:15 A.M.
 2                            ---o0o---
 3            THE CLERK:  Calling Criminal Case S-08-159, United
 4   States v. David Faboo.
 5            MR. CARLBERG:  Good morning, Your Honor.  Russell
 6   Carlberg for the United States.
 7            MR. ZINDEL:  Good morning, Your Honor.  Tim Zindel
 8   from the Federal Defender's Office on behalf of Mr. Faboo who
 9   is present.
10            THE COURT:  The defendant is before the court having
11   heretofore admitted to a violation of 18 U.S.C. Section
12   2422(a).
13            The matter was referred to the probation department
14   for its report and recommendation.  A hearing upon that report
15   and the matter of judgment and sentence was continued to this
16   date.
17            The court is in receipt of a 23 page presentence
18   report, and attached thereto are the standard conditions of
19   probation.
20            The court is also in receipt of the government's
21   motion to correct the presentence report, the defendant's
22   response to the government's motion to correct the report, and
23   the government's amended sentencing memorandum.
24            The court is also in receipt of a letter from the
25   parents of the victim in this case, and the court has received
```

1   a letter from the mother of Mr. Faboo, both letters proving
2   that there is nothing like a parent to not understand what's
3   going on around them because they're too tied up in their kids
4   lives.
5           Having said as much, is there anything you want to say
6   beyond what's in your various pleadings, sir?
7           MR. CARLBERG:  No, Your Honor.
8           THE COURT:  Do you submit as well?
9           MR. ZINDEL:  I do.
10          THE COURT:  The government's motions to correct are
11  denied.
12          But there is a problem beyond -- gentlemen, please
13  excuse me.
14          You folks know, if you've been around here at all,
15  that this court takes the position that if the government and
16  the defendant are satisfied, I am ordinarily satisfied because
17  you guys know a lot more about the case than I will ever know
18  in a plea case.
19          The problem here, as I read it, is that the defendant
20  has agreed to a very substantial sentence based upon his
21  concern that otherwise he may very well stand convicted of a
22  crime carrying ten years as a penalty.
23          I'm not sure I want to ask you whether that's your
24  thinking, Mr. Zindel, because I'm not sure that you could
25  answer that faithfully in accordance with your obligation to

1    uphold the plea agreement, but I think that's not an
2    unrealistic fear.
3            The probation department made what I think was a
4    sensible evaluation of the case and decided that the agreement
5    was more severe than was necessary under the statute.
6            And I'll be candid with you, I agree.  And your
7    thought that it wasn't enough just indicates what you do for a
8    living.  No disrespect intended.
9            So I am torn by my long-term position that if the
10   lawyers agree, who am I to say no, and yet knowing that the
11   lawyers agreement really may have a lot less to do with what
12   really went on.  Thankfully it was shut off before anything
13   serious occurred.
14           On the other hand, recognizing that it's the -- what's
15   the word I want -- it's the result of the statute and what
16   appears to the court to be a statute intended for much more
17   serious conduct than was involved here, much of which appears
18   to be almost juvenile.
19           So there we are, and I can't ask you to comment
20   because you're both committed to the plea agreement.
21           Sir, is there anything you want to say before the
22   court pronounces judgment and sentence, if I can figure out
23   what the right sentence is?
24           Yes.
25           THE DEFENDANT:  I don't know what to say, Your

1  Honor.

2  THE COURT:  Okay.

3  The problem is the probation officer is absolutely

4  right, except she's ignoring the fact that the two lawyers have

5  agreed to something.  And she's also quite right saying that

6  doesn't bind her and she's giving the court her best judgment

7  as to what ought to be done.

8  And I respect that.  And I don't want to discourage

9  probation officers for doing that.

10  I'm having the same conversation with myself that I

11  had last night.  It doesn't get any better.

12  Well, I think the answer is you got to take two and

13  hit to right.

14  The court finds the total offense level is 27, the

15  criminal history category is I, the guideline provisions are 70

16  to 87 months.

17  Pursuant to the Sentencing Reform Act of 1984 it is

18  the judgment of the court that the defendant, David Anthony

19  Faboo, is hereby committed to the custody of the Bureau of

20  Prisons to be imprisoned for a term of 78 months.

21  The defendant shall pay a special assessment of $100,

22  payment to begin immediately.  The court finds the defendant

23  does not have the ability to pay a fine and imposition of a

24  fine is waived.

25  It is further ordered that the defendant shall pay

1    restitution in an amount to be determined, payment to begin

2    immediately.

3           Restitution is to be sent to the clerk of the court

4    who shall forward it to the victims as described in the Victim

5    Impact --

6           MR. ZINDEL:  Your Honor, excuse me.  I believe there

7    is no restitution in this case.

8           THE COURT:  That's right.  There is no restitution.

9    I'm sorry.  That is stricken.

10          Upon release from imprisonment, the defendant shall be

11   placed on supervised release for a term of 180 months.

12          Within 72 hours of release from the custody of the

13   Bureau of Prisons, the defendant shall report in person to the

14   probation office in the district to which the defendant is

15   released.

16          While on supervised release, the defendant shall not

17   commit another federal, state or local crime, shall not possess

18   a firearm as defined in 18 U.S.C. Section 921, and shall not

19   illegal possess controlled substances.

20          The defendant shall submit to the collection of DNA,

21   and shall comply with the standard conditions which have been

22   recommended by the United States Sentencing Commission and

23   adopted by this court and attached to the presentence report.

24          The defendant shall register and comply with the

25   requirements of the state and federal sex offender registration

1   agency in the state and in the jurisdiction of conviction, the
2   Eastern District of California, and in any jurisdiction where
3   the defendant resides, is employed or is a student.
4           Further, the defendant shall refrain from any unlawful
5   use of a controlled substance and shall submit to one drug test
6   within 15 days of release from imprisonment and least two
7   periodic drug tests thereafter, not to exceed four drug tests
8   per month.
9           The court adopts the special conditions recommended by
10  the probation officer on pages 21 to 23 of the presentence
11  report and imposes all of those listed as special conditions.
12          You want a recommendation to a California --
13          MR. ZINDEL:  No, Your Honor.  Sheridan, Oregon is
14  closest to his family.
15          THE COURT:  The court recommends that the defendant be
16  incarcerated in an institution in Sheridan, Oregon, but only
17  insofar as that recommendation accords with space availability
18  and security classification.
19          The court recommends that the defendant participate in
20  the 500 Hour Bureau of Prisons Substance Abuse Program.
21          Are there charges to be dismissed?
22          MR. CARLBERG:  There are you, Your Honor.  I wonder
23  just procedurally, I don't think it materially matters at all,
24  just procedurally I think the court technically rejected the
25  plea agreement and under the rule needs to advise the defendant

1    of that.
2             THE COURT:  Sir, I rejected the plea agreement and
3    agreed to give you somewhat less time.
4             Is that agreeable to you?
5             THE DEFENDANT:  I guess.
6             THE COURT:  No kidding.
7             All right.
8             MR.  CARLBERG:  I just want to make sure the waivers
9    are in effect that he's been advised.
10            THE COURT:  All right.
11            MR.  CARLBERG:  The government does need to dismiss
12   the remaining counts in the indictment.
13            THE COURT:  That will be the order.
14            The defendant is remanded to the custody of the
15   marshal.
16            MR.  CARLBERG:  Thank you, Your Honor.
17       (Whereupon, the matter was concluded.)
18                           ---o0o---
19
20
21
22
23
24
25

REPORTER'S CERTIFICATE

---o0o---

STATE OF CALIFORNIA   )
COUNTY OF SACRAMENTO  )

    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

    IN WITNESS WHEREOF, I subscribe this certificate at Sacramento, California.

/S/_Catherine E.F. Bodene_____
CATHERINE E.F. BODENE, CSR NO. 6926
Official United States District Court Reporter